## Wilson v. Island Creek Coal Company

*Hymen Schlesinger*, for plaintiffs.

*Pringle, Bredin, Thomson, Rhodes & Grigsby*, and *Campbell, Thomas & Burke*, for defendants.

ALPERN, J., July 11, 1966.—These actions in trespass arise out of maritime accidents which occurred on the inland waterways of the United States. The injuries complained of are alleged to have occurred in various ways.

Plaintiff Lewis Harper claimed he was injured on August 22, 1963, in a fall on the deck of the vessel upon which he was working. Plaintiff Thomas J. Wilson stated that he was injured on May 25, 1962, when his foot encountered an improperly secured hatch cover on his vessel and was projected into the hatch, and he fell onto the gunnel. Plaintiff Howard Brown averred that he was injured on May 29, 1963, on board his vessel, when he pulled upon a kinked wire, as he was required to do, and sprained his back. In each one of these accidents, plaintiff was a seaman employed by and working on a vessel owned by the Island Creek Fuel & Transportation Company, a wholly-owned subsidiary of defendant Island Creek Coal Company. The subsidiary corporation has been liquidated and it is alleged by plaintiffs that its vessels and barges were sold and the remaining assets taken over by the parent corporation, defendant in these cases.

Plaintiff James A. Miller, Sr., alleged that he was injured on April 4, 1963, while working as a seaman, in a collision between vessels operated by defendant Semet-Solvay Petrochemical Division, Allied Chemical Corporation, and by defendant Bulk Towing, Inc., plaintiff's employer.

Plaintiffs Harper, Wilson, and Brown did not aver in their complaints the locations of their accidents. Defendant Island Creek Coal Company, in the deposition of its vice president, F. A. MacDonald, stated that the alleged accident and injury of plaintiff Harper occurred in Huntington, West Virginia, and that of plaintiff Wilson in Kenova, West Virginia. Plaintiff Brown's injury, according to affidavits filed in Federal

court, did not occur in Pennsylvania. The amended complaint filed on behalf of plaintiff Miller averred that he was injured at approximately mile 26 on the Kanawha River in West Virginia. None of the plaintiffs reside in Pennsylvania; nor did the accidents occur in Pennsylvania.

Each of the defendant corporations stands in different posture with respect to amenability to service of process.

Defendant Island Creek Coal Company is an unregistered Delaware corporation, with its principal place of business at Huntington, West Virginia. It is not registered to do business in Pennsylvania. Defendant Semet-Solvay Petrochemical Division is a New York corporation, with an office located in Pittsburgh, Allegheny County, Pa. It admits doing business in Pennsylvania. Defendant Bulk Towing, Inc., is an Ohio corporation, which has admitted, in its answers to plaintiff's interrogatories, that it is doing business in Pennsylvania. It does not have an office here.

Defendant Semet-Solvay was personally served with process at its Pittsburgh office. The other defendants were served by mail through the Secretary of the Commonwealth under the Business Corporation Law of May 5, 1933, P. L. 364, sec. 1011 as amended, 15 PS §2852-1011. The action brought by plaintiff Miller against defendants Semet-Solvay and Bulk Towing was removed to the United States District Court for the Western District of Pennsylvania on petition of defendant Semet-Solvay. It was subsequently remanded by that court to the Common Pleas Court of Allegheny County on motion of plaintiff. Plaintiff Miller had made a remand necessary by amendment of his complaint, adding a second count alleging negligence by defendant Bulk Towing under the Jones Act of March 4, 1915, c. 153, §20, 38 Stat. 1185, 46 U. S. C. A. §688. It has long been established that an

action brought in a State court by a seaman under the Jones Act is not removable to a Federal court: Pratt v. United States, 340 F. 2d 174, 178 (1 Cir. 1964).

The matters presently before us are defendants' preliminary objections to the various complaints. Defendant Bulk Towing preliminarily objects to the substituted service of process through the Secretary of the Commonwealth because, although it was doing business in Pennsylvania, the accident occurred outside the Commonwealth. It, therefore, asserts that this court has no jurisdiction. Defendant Semet-Solvay preliminarily objects to suit under the doctrine of lis pendens; it concedes jurisdiction in this State because it has an office and is doing business here and was served personally. It points to an identical action commenced in the United States District Court for the Western District of Pennsylvania and subsequently transferred by that court to the United States District Court for the Southern District of West Virginia. Defendant Island Creek Coal Company asserts both of the above preliminary objections, as well as lack of venue, misjoinder in one complaint of claims sounding in trespass and in assumpsit, forum non conveniens, and the pleading of a legal conclusion as to a reasonable rate for maintenance and cure. The preliminary objections were argued before Alpern, J., presiding in the assignment room.

The first issue is the propriety of the substituted service of process on defendants Island Creek Coal Company and Bulk Towing, Inc., each of which is an unregistered foreign corporation.

The amended Business Corporation Law, section 1011B, 15 PS §2852-1011B, specifies two requirements for effective substituted service of process on foreign business corporations through the Secretary of the Commonwealth. It states that such service of process

may be had upon an unregistered foreign business corporation "in any action arising within this Commonwealth" where it has "done any business in this Commonwealth. . . ."

Plaintiffs urge that the statutory phrase "action arising" means a suit commenced in a Pennsylvania court. Defendants contend that it refers to a cause of action arising in Pennsylvania.

Prior to the 1963 amendment, section 1011B of the Business Corporation Law permitted substituted service "in any action arising out of acts or omissions of such corporation within this Commonwealth". In construing this provision, in Rufo v. The Bastian-Blessing Company, 405 Pa. 12 (1961), the court stated at page 20:

"Indeed, if the legislature meant 'cause of action' or 'right of action', it would have omitted the words 'out of acts or omissions of the corporation' and the provision would have read 'in any action arising within the Commonwealth' ".

In the 1963 amendment of the statute, the legislature adopted the language suggested by the appellate court in the above quotation. Presumably, the legislature intended that the amended wording should be given the same construction as that set forth by the court. It would have been a simple matter to express a contrary legislative intention by the use of other words. In the absence of contrary appellate authority, we are constrained to hold that, under the amended provisions of the Business Corporation Law, substituted service of process may be had upon an unregistered foreign business corporation only if the cause of action arises within the Commonwealth.

The cause of action did not arise within the Commonwealth in any of the cases at bar, the accidents complained of having occurred in each instance in another State. Moreover, in none of the cases does plaintiff re-

side in Pennsylvania. Service of process was not properly effected. There is no jurisdiction in this court over defendants Island Creek Coal Company and Bulk Towing, Inc. Since jurisdiction is lacking the action brought against them must be dismissed. In light of this conclusion, it is not necessary for us to discuss the second requirement for substituted service, the doing of business within Pennsylvania.

Defendant Semet-Solvay has raised the single preliminary objection that the action against it is barred by the doctrine of lis pendens because of an action pending in the United States District Court. This contention is not valid. A prior suit in a Federal court in which only a personal judgment is sought does not prevent another suit from being brought in a State court; nor does it furnish a ground for a plea in abatement of the second action: Thompson, Trustee v. Fitzgerald, 329 Pa. 497, 505 (1938); Sloman v. McCarthy, 56 Schuyl. 13 (1960). Therefore, defendant Semet-Solvay will be required to file an answer to the complaint of plaintiff Miller, since there is jurisdiction as to it by virtue of personal service.

Plaintiffs are not left without any forum, as each of them has a protective action pending in the United States District Court for the Southern District of West Virginia.

The preliminary objections of defendants Island Creek Coal Company and Bulk Towing, Inc., will be sustained and the actions against them dismissed. The preliminary objection of defendant Semet-Solvay Petrochemical Division, Allied Chemical Corporation, will be overruled.

### ORDER OF COURT

And now, July 11, 1966, it is ordered and decreed that the preliminary objections ex parte defendant, Island Creek Coal Company, are sustained and the complaint is dismissed.